```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

--------------------------------x
WAVERLY KNIZE                   :
                                :
     Plaintiff,                 :
                                :
v.                              :    Civil No. 3:07CV00872(AWT)
                                :
FRANCIS KNIZE,                  :
                                :
     Defendant.                 :
--------------------------------x
```

## ORDER REMANDING CASE

Francis Knize, the defendant in a state-court divorce action, filed a notice of removal in an attempt to remove the state court case, initiated by Waverly Knize, to the federal court. Although not specifically stated in his notice of removal, it appears that the defendant is attempting to remove case number FST-FA-02-0190291-S. The complaint he attached was filed by Waverly Knize and seeks a dissolution of marriage, division of assets, alimony and child support, and attorney's fees.

Section 1441(a) of Title 28 of the United States Code provides for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Therefore, a defendant may only remove a case where there is jurisdiction pursuant to 28 U.S.C. § 1331 or 28 U.S.C. § 1332. It does not appear that there is diversity jurisdiction pursuant to § 1332, and the defendant does not list § 1332 among his extensive list of statutes which purportedly confer jurisdiction over this case. Therefore, there must be "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 in order for the case to be removable.

> [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.  It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States.

Beneficial National Bank, et al. v. Anderson, et al., 539 U.S. 1, 6 (2003) (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).  "[A] defense that relies on . . . the pre-emptive effect of a federal statute . . . will not provide a basis for removal.  As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."  Beneficial National Bank, 539 U.S. at 6.  There are two main situations (other than through supplemental jurisdiction) in which a defendant can remove a state law claim to federal court: "when Congress expressly so provides, such as in the Price-Anderson Act . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption."  Id. at 8.  Here, the Complaint does not state a federal claim.  Rather, it concerns the domestic relations between two Connecticut citizens.  The defendant has cited to no federal provision expressly granting jurisdiction and has also cited to no federal law which would completely preempt the claims set forth in the Complaint.  Accordingly, this court does not have jurisdiction over this case and it must be remanded to the state court.  See Fed. R. Civ. P. 12(h) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); Westmoreland

Capital Corp. v. Findlay, 100 F.3d 263, 266 (2d Cir. 1996) ("'a challenge to subject matter jurisdiction cannot be waived and may be raised sua sponte' by the court") (citation omitted).

The court also notes that the "domestic relations exception" to diversity jurisdiction would seem to preclude the defendant from removing the case even if he could demonstrate diversity of citizenship. As explained by the court in Ankenbrandt v. Richards and Kesler:

> Although In re Burrus technically did not involve a construction of the diversity statute, as we understand Barber to have done, its statement that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States," id., at 593-594, has been interpreted by the federal courts to apply with equal vigor in suits brought pursuant to diversity jurisdiction. . . . We conclude, therefore, that the domestic relations exception, as articulated by the Court since Barber, divests the federal courts of power to issue divorce, alimony, and child custody decrees.

Ankenbrandt v. Richards and Kesler, 504 U.S. 687, 703 (1992). Moreover, the defendant's objections to the state court proceedings are not properly raised here on removal and may not be used as a basis for subject matter jurisdiction.

Accordingly, the case is hereby REMANDED to the state court.

The Clerk shall close this case.

It is so ordered.

Dated this 15th day of June 2007 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge

3