**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------x
WAVERLY KNIZE                  :
                               :
     Plaintiff,                :
                               :
v.                             :    Civil No. 3:07CV00872(AWT)
                               :
FRANCIS KNIZE,                 :
                               :
     Defendant.                :
-------------------------------x
```

**ORDER RE MOTION FOR RECONSIDERATION**
**AND MOTIONS TO AMEND THE MOTION FOR RECONSIDERATION**

The court remanded this case to state court in an order dated June 15, 2007. Defendant Francis Knize filed a Motion for Reconsideration and supporting memorandum (Doc. No. 8) and subsequently filed a Motion to Amend Motion for Reconsideration, which includes a Memorandum of Supportive Documents (Doc. No. 9) replacing the memorandum filed as part of Doc. No. 8. He also filed a Motion to Clarify Motion . . . for Reconsideration (Doc. No. 10). For the reasons set forth below, the defendant's Motion to Amend Motion for Reconsideration (Doc. No. 9) and his Motion to Clarify Motion . . . for Reconsideration (Doc. No. 10) are being granted; his Motion for Reconsideration (Doc. No. 8) is being denied as moot; and the relief requested in his memorandum in support of his motion for reconsideration (Doc. No. 9) is being denied.

The court remanded this case to the state court because defendant Francis Knize attempted to improperly remove a state-court divorce action to the federal court. As the court noted in its order, the court lacks subject matter jurisdiction over the action,

as the defendant has not demonstrated that this court would have original jurisdiction over the case, as filed in the state court.

In his motion for reconsideration, the defendant seems to invite the court to depart from "stare decisis for domestic relations cases." (Motion for Reconsideration (Doc. No. 9), at 1). The defendant has failed to show that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332, and the court declines to depart from controlling precedent. The defendant also makes further arguments with respect to 28 U.S.C. § 1331, citing to numerous sources of federal statutory and constitutional law. As discussed by the court in its previous ruling, these causes of action are not contained in the complaint filed in state court by the plaintiff and may not be asserted here by the defendant through a removal action as opposed to the filing of a separate case. The defendant also argues that 28 U.S.C. § 1367 confers jurisdiction. However, supplemental jurisdiction does not offer a basis for jurisdiction when there is not original jurisdiction over any part of the original case. The court notes that it appears that the "complaint" referred to throughout the defendant's motion is his own notice of removal, and not the operative complaint, which was filed in state court by the plaintiff.

Accordingly, the defendant's Motion to Amend Motion for Reconsideration (Doc. No. 9) and his Motion to Clarify Motion to Amend the Motion . . . for Reconsideration (Doc. No. 10) are hereby GRANTED, and upon reconsideration, the relief requested by the defendant is hereby DENIED. The defendant's original Motion for

Reconsideration (Doc. No. 8), which was replaced by Doc. No. 9 is hereby DENIED as moot.

This case shall remain closed.

It is so ordered.

Dated this 13th day of July 2007 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge